The opinion of the court was delivered by
MoEnery, J.
The defendant, Parker, was prosecuted before the Second Recorder’s Court of the city of New Orleans for violating Ordinance No. 6609, Council Series. In the recorder’s court he denied the legality and constitutionality of the ordinance. He was convicted and has appealed, under Art. 81 of the Constitution.
The ordinance, after reciting that the council had been informed by ¿he press of the city that various acts of a criminal nature had been committed by labor agents, provides that labor agents, conducting business in the city of New Orleans, shall give a bond in the sum of $5000, payable to the mayor, conditioned for a faithful discharge of duty in conducting a labor agency. The labor agent is required to furnish this bond before conducting the business, and if he does not he is subjected to fine or imprisonment. Any one who has been injured by the acts of the labor agent has a property in the bond and is authorized to sue on it.
In the license act of 1890 we do not find this occupation classed among those from which a revenue may be derived. But we have decided that while an occupation may be relieved from taxation, yet when the State or municipal authority selects .it for a license tax, constitutional methods must be observed.
*1417 It is not stated whether the city has taxed, by license, this occupation, but we know from the record that it is a recognized business of such proportions as to require municipal regulations.
It is permitted to be conducted — it must therefore be a legitimate occupation; otherwise it would require legislation to suppress it instead of regulating its existence.
The City Council can exercise only such power as legislative authority confers upon it. It can prohibit no business authorized by the Legislature, and when it assumes that the Legislature authorizes the taxation of the occupation, under -Sec. 12 of Act 101 of 1890, it can not, in authorizing the business or occupation to be carried on, impose obligations not authorized by the Legislature. If it can require a person pursuing one occupation, which is recognized as legitimate, to give bond for the faithful discharge of duties connected with the same, it can require a bond from any one pursuing any other occupation.
We fail to find any such authority granted to the city of New Orleans by the Legislature.
The bond is by the ordinance made to inure to any one injured through the instrumentality of a labor agent for any damage done by said agent, or for any fraud or misrepresentation committed by him.
Thus the city undertakes to protect parties who may resort to a civil suit for damages which may result in dealings with the labor agent.
We alse fail to find authority for the city of New Orleans to exact a bond from any one pursuing any occupation to answer in damages for injuries inflicted by the person pursuing said occupation.
The ordinance, we learn from the preamble, was intended to protect females from being imposed upon. It is laudable in its purpose, but the acts at which the ordinance is leveled fall under criminal statutes of the State.
The ordinance is manifestly illegal and unconstitutional, and therefore null and void.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the prosecution of defendant be dismissed, and the city to pay all costs.